IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD STANKOWSKI, | : | |
| | : | |
| Petitioner | : | CIVIL ACTION NO. 4:CV-04-1512 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| CRAIG A. LOWE, Warden | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM AND ORDER

### August 1, 2005

On July 12, 2004, Donald Stankowski, an inmate currently confined in the Pike County Jail, Lords Valley, Pennsylvania, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Rec. Doc.  1).  He challenges his conviction of Driving Under the Influence of Alcohol, a violation of 75 Pa. Cons. Stat. § 3731.[1]  By Order dated October 19, 2004, this Court dismissed the petition for writ of habeas corpus, without prejudice, for Petitioner's failure to exhaust available state court remedies. (Rec.

---

[1] On July 26, 2004, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court issued an order and notice advising petitioner that he could either "have the court rule on [his] petition as filed" or "withdraw [his] petition so that [he could] file one, all inclusive § 2254 petition within the one-year limit for filing such a petition." (Doc. 5).  On August 3, 2004, Stankowski returned the Notice of Election, requesting that the court consider his petition as filed.  (Doc. 6).

Doc. 19).  On November 4, 2004, Petitioner filed a Motion for Reconsideration of this Court's October 19, 2004 Order and for reinstatement of his case.  (Rec. Doc. 20).  For the reasons set forth below, the Motion will be denied.

**<u>DISCUSSION</u>:**

A motion for reconsideration is a device of limited utility.  It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906 (3d Cir. 1985), <u>cert. denied</u>, 476 U.S. 1171 (1986); <u>Massachusetts Mutual Life Ins. Co. v. Maitland</u>, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment:  (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  <u>Max's Seafood Café v. Quineros</u>, 176 F.3d 669, 677 (3d Cir. 1999)(<u>citing</u> <u>North River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made

-2-

an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals

Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on

reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel

Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).   It may not be used as a

means to reargue unsuccessful theories, or argue new facts or issues that were not

presented to the court in the context of the matter previously decided.   Drysdale v.

Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong

interest in the finality of judgments, motions for reconsideration should be granted

sparingly."  Continental Casualty Co. v. Diversified Indus. Inc., 884 F.Supp. 937, 943

(E.D. Pa. 1995).

Upon review of the Petition and response thereto, the following was concluded:

It is well-established that a federal court may not entertain the merits of a
petition for writ of habeas corpus unless available state court remedies have
been exhausted.  Because the exhaustion doctrine is designed to give the
state courts a full and fair opportunity to resolve federal constitutional
claims before those claims are presented to the federal courts, state prisoners
must invoke one complete round of the state's established appellate review
process.  The habeas corpus petitioner shoulders the burden of establishing
exhaustion of state court remedies.  The threshold inquiry in the exhaustion
analysis is whether the claims asserted in the habeas corpus petition have
been "fairly presented" to the state courts... On January 22, 2004,
Stankowski was sentenced to 90 days to 24 months imprisonment for
Driving Under the Influence. On February 17, 2004, Stankowski filed a
Notice of Appeal in the Pennsylvania Superior Court.   His appeal is

> presently pending.  Thus, Stankowski's conviction has not become final
> pursuant to 28 U.S.C. § 2244(d)(1)(A), as he has not fully exhausted his
> claims.  Thus, his federal petition for habeas corpus review is premature.
> Moreover, the petitioner is still within the one-year statute of limitations
> time period to challenge his conviction through a PCRA petition, if he so
> chooses.  On August 12, 2004, Stankowski incorrectly filed with this court
> a Motion for Post Conviction Collateral Relief.  Thus, it appears that
> petitioner is attempting to pursue his PCRA remedies.

(Rec. Doc. 19, at 4-6)(internal citations omitted).

Petitioner's motion for reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has been a clear error of law or manifest injustice committed.  Rather, Petitioner seeks only to have this Court re-instate his action, so that it may be stayed pending the outcome of his direct appeal.  (Rec. Doc. 20 at 7).

The Third Circuit Court of Appeals recently addressed the issue of staying a § 2254 habeas corpus petition, in Crews v. Horn, 360 F. 3d 146 (3d Cir.  2004).  In Crews, the petitioner filed a timely but mixed federal habeas corpus petition, and during the pendency of that petition, filed a second PCRA petition, which would address the unexhausted claims presented in his habeas petition. Viewing Crews' § 2254 petition as a mixed petition, the district court dismissed it without prejudice to allow Crews the opportunity to exhaust his state court remedies.  Crews appealed the dismissal of his

petition, arguing the court should have held it in abeyance while he attempted to exhaust his claims in state court because he may be time barred from returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1).  The Third Circuit Court found that, unless Crews could demonstrate an entitlement to equitable or statutory tolling, any new § 2254 petition he filed would be untimely.  Id. at 153.  To avoid such an unfair result, the court decreed:

> [W]hen an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action.  If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court.  If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.

Id. at p. 154 (internal citations omitted).

Unlike Crews, Stankowski does not face the prospect of forfeiting federal court review of his issues, as Petitioner is still pursuing his direct appeal, and his conviction has yet to become final.[2]   Under these circumstances, Crews counsels against a stay of

---

[2]A conviction becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  Pa. Stat. Ann. tit. 42, § 9545(b)(3) (West 1998).

litigation of this case while Stankowski exhausts the review process.  As such, the Court finds that its Order of October 19, 2004, is not troubled by manifest errors of law or fact and Stankowski has not presented anything new, which if previously presented, might have affected our decision.  Consequently, Stankowski's motion for reconsideration will be denied.

**THEREFORE, IT IS HEREBY ORDERED, THAT**

Petitioner's Motion for Reconsideration (Rec. Doc. 20) is DENIED.

s/ John E. Jones
JOHN E. JONES III
United States District Judge